UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GLENN A. PEELER, JR.                                                               PETITIONER

v.                                                            CIVIL ACTION NO. 3:14-CV-00949-CRS

AARON SMITH, Warden                                                           RESPONDENT

### MEMORANDUM OPINION

I.  Introduction

Petitioner Glenn A. Peeler, Jr. filed a petition for writ of habeas corpus with this Court. The Respondent, Aaron Smith, opposes Peeler's petition.

A jury convicted Peeler of two counts of complicity to commit first-degree robbery for his role as the getaway driver in two armed robberies at Hardin County, Kentucky hotels. He received an enhanced sentence for his status as a persistent felony offender in the second degree. After an unsuccessful direct appeal in the Kentucky Supreme Court and post-conviction proceedings in state court, he petitioned this Court for writ of habeas corpus. Pet. 1, ECF No. 1.

The magistrate judge made findings of fact, conclusions of law, and a recommendation. R. & R., ECF No. 19. Peeler filed written objections to the findings and recommendation. Pet'r's Obj., ECF No. 20.

For the reasons below, the Court will deny Peeler's petition for writ of habeas corpus.

II.  Magistrate Judge's Factual Findings

The Court construes Peeler's objections as objections to the magistrate judge's conclusions of law. *See* discussion *infra* Part III(B)(1) – (4). The Court shall make a de novo

1

determination of the recommendations to which Peeler objected. *See* 28 U.S.C. § 636(b)(1)(C); *see also*, Fed. R. Civ. P. 72(b)(3). The Court accepts the magistrate judge's factual findings to which Mr. Peeler did not object. *See* § 636(b)(1)(B).

    III.    Magistrate Judge's Conclusions of Law and Recommendation

        A. Habeas Corpus

Habeas corpus "guard[s] against extreme malfunctions in the state criminal justice systems," but it does not substitute for the appellate review process. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Habeas corpus "stands as a safeguard against imprisonment of those held in violation of the law." *Id.* at 91.

This Court shall not grant habeas relief "with respect to any claim adjudicated on the merits in state court." 28 U.S.C. § 2254(d). This Court can only grant relief if the adjudication resulted in a decision that was

1) contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court; or
2) based on an unreasonable determination of the facts in light of the evidence presented to the state courts.

*Id.*; *LaMar v. Houk*, 798 F.3d 405, 414 – 15 (6th Cir. 2015).

A state court decision contradicts clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Or, a state court decision contradicts clearly established federal law "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Id.* A state court decision unreasonably applies clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. If a state court determined

that a claim lacks merit, this Court cannot grant relief as long as "fairminded jurists would disagree" whether the state court's decision was correct. *Harrington*, 562 U.S. at 786 (quoting *Yarbough v. Alvarado*, 541 U.S. 652, 664 (2004)).

  B. <u>Application</u>

  Peeler's petition for writ of habeas corpus alleges four grounds for relief. Pet. 5 – 13. The Court will address each in turn.

  1. <u>Denial of continuance</u>

  Peeler's first ground for relief alleges that the trial judge denied his right to due process because the judge granted only a two-day continuance following his co-defendant's guilty plea the morning of trial. *Id.* The magistrate judge concluded, "[B]ecause the decision of the Kentucky Supreme Court is neither contrary to nor an unreasonable application of *Ungar* or any other clearly established precedent of the U.S. Supreme Court, Peeler is not entitled to relief on ground 1 of his petition." R. & R. 21.

  The trial judge has discretion to grant or deny a continuance. *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964). "There are no mechanical tests for deciding when denial of a continuance is so arbitrary as to violate due process." *Id.* Due process requires that a criminal defendant have a fair opportunity to defend against the state's accusations. *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). The right to a fair trial includes the "minimum essentials" of the right to cross-examine witnesses and call one's own witnesses. *Id.* at 294.

  In Peeler's direct appeal, the Kentucky Supreme Court held that the trial judge did not abuse its discretion in concluding that a two-day continuance was sufficient. Ky. Mem. Op. 6, ECF No. 1-3. Peeler asked for a two-week continuance after his co-defendant Eric Pleasant pleaded guilty the day of trial, but the trial judge granted a two-day continuance. *Id.* at 2. The

3

Kentucky Supreme Court said, "Simply put, Appellant has failed to establish why he needed two weeks to 'revise trial strategy' in an otherwise simple, straightforward case." *Id.* at 3. The court reasoned that "any additional defense preparation would have been minimal because, as the trial court noted, Pleasant's statement did not substantially change the structure of the case." *Id.* at 6.

Peeler argues that "the decision of the Kentucky Supreme Court and the Recommendation is likewise unreasonable" because his co-defendants' inconsistent statements were more than "minor inconsistencies." Pet'r's Obj. 2.

Peeler has not shown that the denial of a two-week continuance amounted to a federal constitutional violation for which this Court must grant the writ of habeas corpus. He has not shown that the Kentucky Supreme Court arrived at a conclusion opposite to that reached by the Supreme Court, nor has he shown that the Kentucky Supreme Court confronted facts materially indistinguishable from a relevant Supreme Court precedent and arrived at an opposite result. *See Williams*, 529 U.S. at 405. Likewise, Peeler has not shown that the Kentucky Supreme Court identified the correct legal principle from the Supreme Court's decisions but unreasonably applied that principle to his case. *See id.* at 413.

Thus, this Court will deny ground one of Peeler's petition for writ of habeas corpus.

2. Insufficiency of Evidence

Peeler's second ground for relief alleges that the trial judge erred in denying his motion for a direct verdict because "the inconsistent and biased testimony of [his co-defendants] Hope Rickman and Eric Pleasant did not create evidence upon [which] reasonable jurors could find guilt." Pet. 7. The magistrate judge concluded that the "Kentucky Supreme Court reasonably found the testimony of the accomplices sufficient to support Peeler's convictions." R. & R. 24.

4

Evidence is insufficient to support a conviction when the reviewing court concludes that "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The reviewing court must view the trial evidence in the light most favorable to the prosecution. *See id.* at 326.

On direct appeal, the Kentucky Supreme Court held that the trial court properly denied Peeler's motion for a directed verdict because "the eyewitness testimony of two accomplices satisfies the Commonwealth's burden of producing a 'mere scintilla of evidence' to defeat a motion for a directed verdict." Ky. Mem. Op. 7 – 8. The court also said, "On appellate review of a motion for directed verdict, we are concerned not with the credibility but the *sufficiency* of the evidence, and we conclude the evidence was sufficient to defeat Appellant's motion." *Id.* at 8 (emphasis in original; internal citation omitted). The court rejected Peeler's argument that his co-defendants' inconsistent testimony was insufficient evidence to convict him. *Id.* at 8.

Peeler argues that "the quality of any witness testimony not only runs to the proof, but also deals with the sufficiency of evidence." Pet'r's Obj. 2.

Peeler has not shown that the alleged insufficiency of the evidence amounted to a federal constitutional violation for which this Court must grant the writ of habeas corpus. He has not shown that the Kentucky Supreme Court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, nor has he shown that the Kentucky Supreme Court confronted facts materially indistinguishable from a relevant Supreme Court precedent and arrived at an opposite result. *See Williams*, 529 U.S. at 405. Likewise, Peeler has not shown that the Kentucky Supreme Court identified the correct legal principle from the Supreme Court's decisions but unreasonably applied that principle to his case. *See id.* at 413.

Thus, this Court will deny ground two of Peeler's petition for writ of habeas corpus.

5

### 3. Cautionary Accomplice Instruction

Peeler's third ground for relief alleges that the trial court failed to give a cautionary instruction on the weight of accomplice testimony. Pet. 8. Peeler acknowledges that this instruction was not supported by Kentucky law at the time of his trial, but he urged the appellate court to adopt the rule on appeal. *Id.* The magistrate judge concluded that "Because Peeler has raised purely a question of state law he has failed to set forth a federal constitutional claim and therefore cannot be afforded relief on ground three of his petition." R. & R. 25.

Federal habeas corpus relief cannot be granted for state law errors. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

On direct appeal, the Kentucky Supreme Court declined to "adopt a rule requiring trial courts to give a cautionary accomplice testimony instruction upon request." Ky. Mem. Op. 9.

Peeler argues that "If the error of state law complicates and violates the due process of the defendant afforded in the Fourteenth Amendment, then it does rise to a constitutional level requiring habeas relief." Pet'r's Obj. 2.

Peeler's claim that the trial court should have given a cautionary instruction is a matter of state law that cannot be the basis for federal habeas corpus relief.

Thus, the Court will deny ground three of Peeler's petition for writ of habeas corpus.

### 4. Ineffective Assistance of Counsel

Peeler's fourth ground for relief alleges that the trial court denied him ineffective assistance of counsel when it did not appoint counsel for his post-conviction proceedings. The magistrate judge concluded that a procedural bar prevents this Court from deciding the merits of this claim. R. & R. 27.

A prisoner who has failed to meet a state's procedural requirements for presenting federal claims defaults those claims. *Coleman v. Thompson*, 502 U.S. 722, 731 – 32 (1991). If a prisoner has procedurally defaulted, this Court cannot review the claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750. There is no right to counsel in state collateral review proceedings. *Id.* at 755.

On collateral review, the Kentucky Court of Appeals dismissed Peeler's post-conviction appeal because he failed to file a timely notice of appeal. Ky. Ct. App. Op. 4, ECF No. 1-5. The Kentucky Court of Appeals also denied Peeler's motion for a belated appeal. *Id.*

Peeler argues that "[had he] been represented by counsel when he failed to file a timely notice of appeal, then he would have been granted relief." Pet'r's Obj. 3.

Peeler procedurally defaulted the ineffective assistance of counsel claim because the Kentucky Court of Appeals dismissed his state collateral appeal for failure to file a timely notice of appeal. Peeler offers the following as cause for the default: he erroneously filed his notice of appeal with the Kentucky Supreme Court, not the Hardin Circuit Court. He argues that he would not have made this error had the trial court appointed post-conviction counsel, even though he acknowledges that he had no right to counsel at that stage. Pet'r's Obj. 3. Even if Peeler could show cause, Peeler could not show actual prejudice because he had no right to counsel in his post-appeal collateral proceeding. Alternatively, he has not demonstrated that this Court's failure to consider the claim will result in a manifest miscarriage of justice.

Thus, the Court will deny ground four of Peeler's petition for writ of habeas corpus.

5. <u>Certificate of Appealability</u>

The magistrate judge concluded that Peeler was not entitled to a certificate of appealability because he "failed to make a substantial showing of the denial of a constitutional right." R. & R. 28.

This Court cannot issue a certificate of appealability unless the petitioner has made a substantial showing that a constitutional right has been denied. *See* 28 U.S.C. § 2253(c)(2). This Court must indicate which issue or issues satisfy the showing required. *Id.* § 2253(c)(3); *see also*, *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir. 2001).

Peeler argues that he has made a substantial showing of the denial of a constitutional right. Pet'r's Obj. 3.

The Court disagrees. Peeler has not made a substantial showing of the denial of a constitutional right for grounds one through three. *See* discussion *supra* Part III(B)(1) – (3). He has not made a substantial showing that the Kentucky Supreme Court arrived at a conclusion opposite to the Supreme Court, nor has he shown that the Kentucky Supreme Court confronted facts materially indistinguishable from a relevant Supreme Court precedent and arrived at an opposite result. Likewise, he has not made a substantial showing that the Kentucky Supreme Court identified the correct legal principle but unreasonably applied it to his case.

Additionally, Peeler has not made a substantial showing of the denial of a constitutional right for ground four. *See* discussion *supra* Part III(B)(4). Even if he had not procedurally defaulted his ineffective assistance of counsel claim with the Kentucky Court of Appeals, he had no right to counsel at that stage. He has not made a substantial showing of cause for the default or prejudice as a result of any alleged violation of federal law. Nor has he made a substantial showing that this Court's failure to consider his ineffective assistance of counsel claim will result in a manifest miscarriage of justice.

Thus, the Court will deny a certificate of appealability on all grounds raised in Peeler's petition.

IV.     Conclusion

The Court will deny Peeler's petition for writ of habeas corpus.  The Court will deny Peeler a certificate of appealability on all grounds raised in the petition for writ of habeas corpus.

The Court will issue an order in accordance with this opinion.

November 2, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**

9